**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

D'ANGELO HILDAN SHIPMAN,

      Petitioner,

v.                                   Case No. 3:17-cv-1032-J-32MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et. al.,

      Respondents.

---

## ORDER

### I.    Status

Petitioner, D'Angelo Hildan Shipman, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) on August 28, 2017.[1] Shipman challenges a state court (Duval County, Florida) judgment of conviction for which he is currently serving a ten-year term of incarceration, to be followed by a five-year term of sex offender probation. Doc. 1 at 1. Respondents filed a Response on August 27, 2018. See (Doc. 21) (Resp.).[2] Shipman filed a Reply. See Doc. 23.

---

[1] The Petition does not contain a prison stamp. Thus, the Court acknowledges the file date as the date Shipman executed the oath certifying that the Petition was placed in the prison mailing system. See Doc. 1 at 9.

[2] Attached to the Response are several exhibits. The Court cites to the exhibits as "Resp. Ex."

## II. Procedural History

The Court summarizes only the procedural history necessary for purposes of this Order. On August 12, 2014, following Shipman's open plea of guilty, the trial court adjudicated Shipman guilty of sexual battery (count one) and lewd and lascivious battery (count two). Resp. Ex. A at 40-46. That same day, the trial court sentenced Shipman as a sexual predator to incarceration for a term of ten years, followed by a five-year term of sex offender probation, as to each count.[3] Resp. Ex. A at 167. On August 4, 2015, the First District Court of Appeal issued a written opinion affirming Shipman's conviction for count one, but remanding his judgment and sentence with instructions that the trial court vacate Shipman's conviction for count two.[4] Resp. Ex. H. The mandate was issued on September 1, 2015. Resp. Ex. I. No other review was sought.

Upon review of the trial court's docket, it appears the trial court vacated Shipman's conviction for count two "per oral order" on September 17, 2015. Resp. Ex. P; State v. Shipman, 16-2014-CF-139-AXXX-MA (Fla. 4th Cir. Ct.). That same day, the trial court issued a new criminal punishment code scoresheet reflecting count one as the primary offense with no additional offenses. Resp. Ex. Q. The trial court also issued a corrected uniform commitment to custody form indicating "COUNT 2

---

[3] Shipman's written judgment and sentence does not contain a sentence for count two, but the trial court's oral pronouncement of Shipman's sentence indicates the trial court sentenced Shipman on count two to the same sentence as count one. See Resp. Ex. A at 40-46, 167.

[4] The appellate court found that Shipman's conviction for count two violated his double jeopardy rights. See Resp. Ex. H.

REMOVAL PER COURT ON 9/17/15; SEE COPY OF MANDATE ISSUED 9/1/15."

Resp. Ex. R. However, no amended judgment and sentence was entered.

On October 5, 2015, Shipman filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Resp. Ex. S at 1. In its order denying Shipman's Rule 3.850 motion, the trial court noted that an amended written judgment and sentence was not present in Shipman's court file, and thus, directed the clerk of court to enter an amended judgment and sentence vacating Shipman's conviction for count two, nunc pro tunc to September 17, 2015, when it orally set aside the conviction. Id. at 17. However, the clerk did not do so. Despite this procedural omission, the trial court considered Shipman's Rule 3.850 motion and summarily denied his claims on the merits. Id. at 16-24. Thereafter, the trial court considered and denied Shipman's subsequently filed motion for postconviction DNA testing and a motion to correct illegal sentence. Resp. Exs. V at 1-54, CC, DD. As of the date of this Order, however, the trial court has not rendered a corrected written judgment of conviction, and the only written judgment of conviction filed in Shipman's state court case is his August 12, 2014, judgment that still reflects a conviction for count two. Resp. Ex. A at 40.

III.  Analysis

Shipman raises one ground for relief. Specifically, Shipman contends that the trial court failed to properly resentence him after the First District Court of Appeal reversed his judgment of conviction on direct appeal. Doc. 1 at 5. Respondents assert that the Petition is untimely because it was filed more than one year after the expiration of the time to appeal the trial court's "oral order" vacating count two. See

Resp. at 10. Alternatively, Respondents contend that if the Court finds that the trial court has yet to comply with the First District Court of Appeal's mandate because it has not entered a new judgment and sentence on count one, "then [Shipman's] federal habeas petition is premature and should either be dismissed without prejudice to [Shipman] to refile following resentencing, or stayed and held in abeyance pending resentencing by the trial court." Id. at 12.

Under § 2244(d), there is a one-year period of limitation to file a § 2254 habeas petition that runs from the latest of four events. See 28 U.S.C. § 2244(d). In this case, the event of import is the date on which the judgment of conviction becomes final. If an appellate court partially or wholly reverses a petitioner's conviction or sentence on direct appeal and remands to the trial court, the petitioner's "judgment does not become final, and the statute of limitations does not begin to run, until the [trial] court has entered an amended judgment and the time for appealing that judgment has passed." Maharaja v. Sec'y for Dep't of Corr., 304 F.3d 1345, 1349 (11th Cir. 2002) (citing United States v. Colvin, 204 F.3d 1221, 1225 (9th Cir. 2000)). In Florida, a signed written judgment of conviction filed with the clerk of the trial court is the threshold requirement for a direct appeal. Owens v. State, 579 So. 2d 311, 312 (Fla. 1st DCA 1991) (holding oral pronouncement cannot be appealed and clerk's minutes cannot substitute for written order). Without a written judgment and sentence, the state appellate court does not obtain jurisdiction to consider the appeal. Id.; see also Fla. R. App. P. 9.020(h) (sentence is rendered when signed, written order is filed with the clerk of court).

Although it appears that the trial court conducted a hearing on September 17, 2015, because the trial court has not filed an amended written judgment and sentence reflecting the omission of Shipman's conviction for count two, Shipman's time to file a notice of appeal has not yet began to run. As such, Shipman's judgment of conviction is not final, and his § 2254 Petition is premature, rather than untimely. See U.S. v. LaFromboise, 427 F.3d 680, 685 (9th Cir. 2005) (finding district court's failure to render written amended judgment and sentence required remand for entry of amended judgment, "allowing [the petitioner] an opportunity to appeal that judgment by direct review should he so choose. When that judgment is entered and the availability of direct review expires, AEDPA's one-year statute of limitations will then begin to run.").

## IV.    Conclusion

In sum, because the trial court has not rendered a written amended judgment and sentence, Shipman's state judgment of conviction is not final, and thus, his Petition is not ripe for review. Shipman's AEDPA one-year statute of limitations will begin to run after the entry of a corrected judgment of conviction and either Shipman's direct appeal has been resolved or the time to appeal has expired. Thereafter, Shipman will have an opportunity to fully exhaust any federal habeas claims he wishes to bring.

Shipman is, however, advised that he must comply with the federal one-year statute of limitations when filing any future federal petition. See 28 U.S.C. § 2244(d)(1)-(2).[5]

Accordingly, it is

**ORDERED AND ADJUDGED**:

1.      This case is **DISMISSED without prejudice**.

2.      The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

3.      No later than October 19, 2018, the **Respondents** shall notify the trial court about the issues outlined in this Order, so that the trial court can enter a new judgment and sentence and take any further steps necessary to comply with the First District Court of Appeal's mandate. The Court takes no position on whether the trial court is required to conduct a resentencing hearing.

4.      If Shipman appeals this Order, the Court denies a certificate of appealability.  Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion

---

[5] This dismissal without prejudice does not excuse Shipman from the one-year period of limitation for raising a habeas corpus petition in the federal courts. See 28 U.S.C. § 2244(d). Shipman should note that the one-year period of limitation is tolled during the time in which a properly filed application for state postconviction relief is pending, see Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)); however, the time in which a federal habeas petition is pending does not toll the one-year limitation period. See Duncan v. Walker, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).

to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[6]

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of September, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C:    D'Angelo Hildan Shipman, #148711
      Anne Catherine Conley, Esq.

---

[6] The Court should issue a certificate of appealability only if Shipman makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Shipman "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.