UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

D'ANGELO HILDAN SHIPMAN,

      Petitioner,

v.                                      Case No. 3:17-cv-1032-J-32MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

      Respondents.

**ORDER**

**I.   Status**

Petitioner, D'Angelo Hildan Shipman, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Doc. 1. Petitioner challenges a state court (Duval County, Florida) judgment of conviction for which he is currently serving a ten-year term of incarceration, to be followed by a five-year term of sex offender probation. Id. at 1. Respondents argue that the Petition is untimely filed and request dismissal of this case with prejudice. See Doc. 21 (Resp.).[1] Petitioner filed a Reply. See Doc. 23.

---

[1] Attached to the Response are several exhibits. The Court cites to the exhibits as "Resp. Ex."

On September 27, 2018, this Court entered an Order dismissing this case without prejudice, with directions that the Clerk close this case and that Respondents notify the trial court regarding the need to enter an amended judgment and sentence to reflect its September 17, 2015, resentencing of Petitioner. See Doc. 24. One day later, on September 28, 2018, the Eleventh Circuit Court of Appeals issued its opinion in Chamblee v. State of Florida, 905 F.3d 1192 (11th Cir. 2018), which affected this Court's September 27, 2018, decision. As such, on October 1, 2018, this Court sua sponte vacated its Order of dismissal without prejudice, and directed the Clerk to reopen this case pending the Eleventh Circuit's mandate in Chamblee. See Doc. 26. Because the Eleventh Circuit issued its Mandate, this case is ripe for review.

## II.  One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Procedural History

The Court summarizes only the procedural history necessary for this Order. On July 22, 2014, Petitioner entered an open plea of guilty to sexual battery (count one) and lewd and lascivious battery (count two). Resp. Ex. A at

3

34-37. On August 12, 2014, the trial court adjudicated Petitioner as a sexual offender and sentenced him on each count to concurrent ten-year terms of incarceration, followed by a five-year term of sex offender probation.[2] Id. at 167. Petitioner sought a direct appeal. Resp. Ex. D. On February 16, 2015, while his direct appeal was pending, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Resp. Ex. J. On April 16, 2015, Petitioner filed a motion to voluntarily dismiss his February 16, 2015, Rule 3.850 motion. Resp. Ex. L. Petitioner then filed a second Rule 3.850 motion on June 1, 2015. Resp. Ex. M. However, on June 4, 2015, Petitioner filed a third Rule 3.850 motion along with a notice asking the trial court to disregard the June 1, 2015, Rule 3.850 motion. Resp. Exs. N; O.

Thereafter, on August 4, 2015, the First District Court of Appeal issued a written opinion affirming Petitioner's conviction for count one, but reversing his conviction for count two and remanding with instructions that the trial court vacate that conviction.[3] Resp. Ex. H. Petitioner did not seek further review in the Florida Supreme Court or the United States Supreme Court. Upon review

---

[2] Petitioner's written judgment and sentence does not contain a sentence for count two, but the trial court's oral pronouncement of Petitioner's sentence indicates the trial court sentenced Petitioner on count two to the same sentence as count one. See Resp. Ex. A at 40-46, 167.

[3] The First DCA found that Petitioner's conviction for count two violated his double jeopardy rights. See Resp. Ex. H.

4

of the trial court's docket, it appears the trial court vacated Petitioner's conviction for count two "per oral order" on September 17, 2015. Resp. Ex. P; State v. Shipman, No. 2014-CF-139 (Fla. 4th Cir. Ct.). That same day, the trial court issued a new criminal punishment code scoresheet reflecting count one as the primary offense with no additional offenses. Resp. Ex. Q. The trial court also issued a corrected uniform commitment to custody form indicating "COUNT 2 REMOVAL PER COURT ON 9/17/15; SEE COPY OF MANDATE ISSUED 9/1/15." Resp. Ex. R. The trial court did not, however, issue an amended written judgment and sentence. See Shipman, No. 2014-CF-139.

On October 5, 2015, Petitioner filed a fourth Rule 3.850 motion. Resp. Ex. S at 1. On May 10, 2016, the trial court entered an order granting Petitioner's request to voluntarily dismiss his February 16, 2015, and June 1, 2015, Rule 3.850 motions. Shipman, No. 2014-CF-139. That same day, the trial court entered an order summarily denying Petitioner's June 4, 2015, and October 5, 2015, Rule 3.850 motions on the merits.[4] Resp. Ex. S at 16-127. In its order of denial, the trial court noted that an amended written judgment and sentence was not present in Petitioner's court file, and thus, directed the clerk to enter an amended judgment and sentence vacating Petitioner's conviction for count two, nunc pro tunc to September 17, 2015, when it orally set aside the

---

[4] The trial court incorporated Petitioner's June 4, 2015, motion in its order denying his October 5, 2015, motion. See Resp. Ex. S at 16 n.1.

5

conviction. Id. at 17. The clerk did not enter an amended judgment and sentence. Petitioner appealed the trial court's order denying his Rule 3.850 motions. Resp. Ex. S at 128-31. However, on July 11, 2016, the First DCA dismissed Petitioner's appeal because he failed to comply with the court's order directing him to file an amended notice of appeal. Resp. Ex. U.

On January 8, 2017, Petitioner filed with the trial court a motion for DNA testing pursuant to Rule 3.853, Resp. Ex. V at 1-4, which the trial court denied on March 1, 2017, id. at 9-54. The First DCA per curiam affirmed the denial of Petitioner's Rule 3.853 motion through a mandate issued on August 25, 2017. Resp. Ex. BB.

On August 14, 2017, Petitioner filed a Rule 3.800(a) motion to correct illegal sentence asserting he was never resentenced following the First DCA's remand order on his direct appeal and that a double jeopardy violation still existed because count one was not vacated along with count two. Resp. Ex. CC. The trial court denied the Rule 3.800(a) motion on August 24, 2017, finding it complied with the First DCA's remand on September 17, 2015. Resp. Ex. DD. Petitioner did not appeal the trial court's order on his Rule 3.800(a) motion. See

Shipman, No. 2014-CF-139. Petitioner filed this § 2254 Petition on August 28, 2017.[5] See Doc. 1.

## IV. Analysis

In the interest of justice, the Court finds that Petitioner's judgment and sentence became final on November 2, 2015, ninety days after the First DCA issued its opinion affirming his conviction for count one, but vacating his conviction for count two.[6] See Clay v. United States, 537 U.S. 522 (2003); Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion." (citing Supreme Court Rule 13.3)). As such, Petitioner's federal one-year limitations period began the next day, November 3, 2015; however, Petitioner's one-year period remained tolled because of his pending Rule 3.850 motions.

---

[5] The Petition does not contain a prison stamp. Thus, the Court acknowledges the file date as the date Petitioner executed the oath certifying that the Petition was placed in the prison mailing system. See Doc. 1 at 9.

[6] The Court finds that November 2, 2015, is the latest of the following dates: the time for seeking discretionary review with the Florida Supreme Court following the First DCA's August 4, 2015 opinion; the time for seeking discretionary review of the First DCA's opinion in the United States Supreme Court following the First DCA's opinion; and the time for filing a notice of appeal following the trial court's September 17, 2015, hearing vacating count two.

7

Petitioner's one-year statute of limitations was un-tolled on July 11, 2016, when the First DCA dismissed Petitioner's postconviction appeal of the trial court's order denying his pending Rule 3.850 motions. Petitioner's federal limitations period then expired on July 11, 2017, without Petitioner filing another motion for postconviction relief that would properly toll the one-year period.

Although on January 8, 2017, Petitioner filed a Rule 3.853 motion for postconviction DNA testing, Petitioner's Rule 3.853 motion did not toll the AEDPA limitations period because it did not constitute a challenge to the underlying conviction. See Brown v. Sec'y Dep't of Corr., 530 F.3d 1335, 1338 (11th Cir. 2008). Further, because there was no time left to toll, Petitioner's August 14, 2017, Rule 3.800(a) motion did not toll the federal one-year limitations period. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating where a state prisoner files postconviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll"); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [the petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

8

In his Reply, Petitioner appears to argue that his Petition is timely filed because the trial court never resentenced him following the First DCA's remand of count two. Doc. 23. The Court notes, and Respondents acknowledge, see Resp. at 12, that the trial court never issued an amended written judgment and sentence following the First DCA's remand. See Shipman, No. 2014-CF-139. However, as explained in Chamblee, the issuance of an amended judgment and sentence following a remand is not necessary to calculate a petitioner's federal habeas statute of limitations. Notably, the petitioner in Chamblee, much like Petitioner here, argued that his AEDPA one-year limitations period never started running because the trial court never took any responsive action after the state appellate court remanded his judgment and sentence on direct appeal. Chamblee, 905 F.3d at 1194-97. The Eleventh Circuit, however, explained that the petitioner's pending remand order did not, by itself, prove that his state court judgment was not "final" for purposes of the AEDPA statute of limitations. Id. at 1196-98. Instead, the Eleventh Circuit reasoned that by subsequently "entertaining [the petitioner's] Rule 3.850 post-conviction motion on the merits" and by "denying [his] Rule 3.800(c) motion for reduction of sentence, notwithstanding the remand order," the state court "expressly treated the entirety of the state direct appellate review process as complete . . . because in order to pursue post-conviction relief under Florida law, the judgment and sentence must first be final." Id. at 1196-97. In other words, if the state court

treats a petitioner's judgment and sentence as final despite a pending remand on direct appeal, the federal habeas court is bound by the state court's actions and its interpretation of state postconviction rules. Id.

Here, the First DCA specifically affirmed Petitioner's conviction for count one and remanded to the trial court with directions that the trial court only vacate the conviction for count two. Resp. Ex. H. The trial court then complied with the First DCA's mandate and orally vacated Petitioner's conviction for count two on September 17, 2015. Although an amended judgment and sentence was never entered, the trial court considered Petitioner's Rule 3.850 motions and summarily denied his postconviction claims on the merits. In doing so, the trial court treated Petitioner's judgment and sentence as final. See Chamblee, 905 F.3d at 1197-98 (citing Brigham v. State, 950 So.2d 1274, 1275 (Fla. 2d DCA 2007) ("Implicit in [Rule 3.850] is the requirement that the judgment and sentence be final before the motion is filed.")). Thereafter, the trial court considered and denied Petitioner's subsequently filed Rule 3.800(a) motion, finding Petitioner's claim that the trial court failed to resentence him following the First DCA's remand to be without merit and stating it vacated and set aside Petitioner's conviction for count two on September 17, 2015. Resp. Ex. DD. Because the state court treated Petitioner's judgment and sentence as final under Florida law and the entirety of the state appellate review process as complete upon its September 17, 2015, resentencing of Petitioner, this Court

must as well. See Chamblee, 905 F.3d at 1197 (citing Herring v. Sec'y, Dep't of Corr., 397 F.3d 1338, 1355 (11th Cir. 2005) ("State courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters." (quoting Agan v. Vaughn, 119 F.3d 1538, 1549 (11th Cir. 1997))).

Thus, the Petition is untimely filed. Petitioner does not argue that he is entitled equitable tolling, and he fails to allege any facts supporting due diligence or extraordinary circumstances. See Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017). Further, Petitioner does not assert actual innocence as a gateway to avoid enforcement of the one-year limitations period. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). As such, this action is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. The Petition (Doc. 1) and this case are **DISMISSED with prejudice**.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

3. If Petitioner appeals this Order, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending

11

motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[7]

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of November, 2020.



TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C: D'Angelo Hildan Shipman, #148711
Anne Catherine Conley, Esq.

---

[7] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.

12